IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| JACQUELINE ESTY, | ) | Case Number: 17-33383 |
| Debtor. | ) | Chapter 13 |

| | | |
|---|---|---|
| JACQUELINE ESTY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding Number |
| NATIONSTAR MORTGAGE, LLC, dba MR. COOPER, | ) | _____ |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, Jacqueline Esty (hereinafter "Plaintiff"), by and through undersigned counsel, and presents this First Amended Complaint[1] for damages and injunctive relief against Defendant, Nationstar Mortgage, LLC, dba Mr. Cooper, ("Defendant") and for its violation(s) of the automatic stay provisions of 11 U.S.C. §362(a), contempt of court, and/or breach of contract, as is applicable to said Defendant, stating as follows:

**INTRODUCTION**

1. Plaintiff seeks declaratory and monetary relief as a result of Defendant's concerted, continuing and unlawful collection efforts during the pendency of the underlying

---

[1] Plaintiff hereby files this First Amended Complaint pursuant to Rule 15(a)(1)(A), Fed. R. Civ. P. Defendant has not, as of the date this First Amended Complaint is filed, advanced a responsive pleading or motion.

Page 1 of 17

bankruptcy case and continue through the present time. Plaintiff seeks such relief by and through 11 U.S.C. §§362(a) as is applicable.

2. Plaintiff seeks actual, compensatory, and punitive damages, as appropriate, for Defendant's violation(s) of 11 U.S.C. §362(a), contempt of court, and/or breach of contract, as is applicable to said Defendant. Further, Plaintiff seeks attorney fees, costs and expenses of this action pursuant to 11 U.S.C. §362(k).

## JURISDICTION

3. Pursuant to 28 U.S.C. §§157, 1331 and 1334, this Honorable Court has jurisdiction over the core claims within this proceeding. To the extent this proceeding addresses non-core claims, Plaintiff consents to the entry of a Final Order by this Honorable Court.

4. Venue is proper in the United States Bankruptcy Court for the Middle District of Alabama pursuant to 28 U.S.C. §§1391 and 1409 since the claims arise from a bankruptcy proceeding in this District, all or a substantial part of the events or omissions giving rise to this claim occurred in this District, and the Defendant are subject to the jurisdiction of this Honorable Court.

## PARTIES

5. Plaintiff, Jacqueline Esty, is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States District Court for the Middle District of Alabama, and is a debtor in the underlying Bankruptcy Proceeding.

6. Defendant, Nationstar Mortgage, LLC, dba Mr. Cooper, is a Foreign Corporation, has a principal place of business at 8950 Cypress Waters Boulevard, Coppell, TX 75019, and is engaged in the business of financing mortgage loans.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

8. On November 21, 2017, Plaintiff filed a Voluntary Petition (hereinafter, "the Petition") under Chapter 13, Title II, of the United States Code, more specifically identified by Case Number 17-33383 in the United States Bankruptcy Court for the Middle District of Alabama.

9. As a result of said filing, relief pursuant to the automatic stay provisions of 11 U.S.C. §362(a) was granted to Plaintiff.

10. Within Schedule D of the Petition filed in the underlying Bankruptcy Proceeding, Plaintiff identified Defendant as the holder of a secured claim related to a mortgage executed by Plaintiff on property located at 4001Pickfair Street, Montgomery, AL 36116.

11. On December 27, 2018, Defendant filed its Proof of Claim #8 wherein it claims an indebtedness from Plaintiff in the amount of $81,323.14, including arrears in the amount of $4,639.43.

12. Plaintiff's Chapter 13 Plan (hereinafter "Plan") filed in the underlying Bankruptcy Proceeding provides for pre-petition arrearage owed to Defendant to be paid through the Plan with post-petition payments to Defendant to be paid directly by Plaintiff.

13. On March 8, 2019, Defendant, through their attorney, Rubin Lublin, LLC, (Defendant's Bankruptcy Counsel) filed a Motion for Relief from Automatic Stay and Co-debtor Stay (Real Property) due to Plaintiff's failure to make post-petition payments to Defendant. On April 22, 2019, Agreed Order Conditionally Denying Motion for Relief from the Automatic Stay ("Order") was entered by Judge Bess M. Parrish Creswell. Pursuant to the Order, Plaintiff was to

resume making her payments to Defendant beginning with her April 2019 payment. Per the Order, should Plaintiff fail to maintain her payments, "the Motion for Relief from Stay is granted if the Movant gives the Debtor, and the Debtor`s attorney twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further order of the Court."

14. On July 25, 2019, Defendant's Bankruptcy Counsel mailed a notice of default to Plaintiff and Plaintiff's Bankruptcy Counsel pursuant to the Order entered April 22, 2019, stating Plaintiff was due for her June 2019 and July 2019 payments in the amount of $1,271.66, less $606.34 suspense balance credit, for a grand total due of $665.32.

15. On August 22, 2019, Defendant's Bankruptcy Counsel filed a Notice of Termination of Automatic Stay advising the Bankruptcy Court that a notice of default was issued pursuant to the April 22, 2019, Order and "Since issuance of the Notice, the delinquency has nor been cured and the loan remains in default. As such, the automatic stay is terminated against the property now or formerly known as: 4001 PICKFAIR STREET, MONTGOMERY, AL 36116."

16. After receipt of the Notice of Termination of Automatic Stay, Plaintiff's Bankruptcy Counsel contacted her to discuss the matter. Plaintiff advised that she made all the payments. She did not receive a notice of default, but has made all payments to Defendant. Plaintiff was instructed by her Bankruptcy Counsel to get together proof of all payments she made and bring them to the office.

17. On July 31, 2019, six days after the Notice of Default was issued, Plaintiff made a payment of $637.00. On August 30, 2019, Plaintiff made another payment to Defendant in the amount of $637.00 for her August 2019 payment. Defendant accepted both payments. However,

the payment made on July 31, 2019, that was received by Defendant Mr. Cooper before the expiration of the 20 days was $28.32 short.

18. Plaintiff was not aware that she was only $28.32 short of the $665.32 needed to cure the default when she made the payment on July 31, 2019, and states had she realized she was short such a small amount, she would have certainly remitted that amount to Defendant before the expiration of the 20 days.

19. On October 1, 2019, Plaintiff mailed two separate cashier's checks to Defendant, one in the amount of $32.00 to cure the small shortage owed to cure the default and the other in the amount of $637.00 for her September 2019 mortgage payment.

20. On October 2, 2019, Plaintiff, through her Bankruptcy Counsel, filed a Motion to Determine the Status of Mortgage and a copy of the motion was served on Defendant their Bankruptcy Counsel, Rubin Lublin, LLC. A hearing on the motion was scheduled for October 17, 2019.

21. After the filing of the Motion to Determine the Status of the Mortgage, Plaintiff's Bankruptcy Counsel and Bankruptcy Counsel for Defendant exchanged correspondence via email regarding a settlement of the matter. The hearing that was set for October 17, 2019, was continued to allow additional time for the matter to be resolved.

22. On or around October 22, 2019, Plaintiff mailed her October 2019 payment in the amount of $637.00 to Defendant.

23. During this time, Defendant returned the two payments Plaintiff sent on October 1, 2019 in the amount of $32.00 and $637.00, respectively, and the payment Plaintiff sent on or around October 22, 2019, back to Plaintiff.

Page 5 of 17

Case 21-03007    Doc 6    Filed 04/09/21    Entered 04/09/21 16:46:21    Desc Main
Document    Page 5 of 17

24. On November 14, 2019, a hearing was held before this Honorable Court, at which time neither Defendant nor their Bankruptcy Counsel appeared at the hearing. The Court reviewed the motion filed by Plaintiff's Bankruptcy Counsel and was informed by said Counsel that Plaintiff paid the small oversight amount to Defendant when she realized the error.

25. On December 3, 2019, Judge William R. Sawyer entered an Order on Debtor's Motion to Determine Status of Mortgage ordering as follows:

> "1. The default stated in the July 25, 2019, Notice of Default filed by Nationstar Mortgage LLC, dba Mr. Cooper, is cured.
>
> 2. The automatic stay against the property located at 4001 Pickfair Street, Montgomery, AL 36116, is still in effect.
>
> 3. Any future default by the Debtor will require an new Notice of Default to be filed by Nationstar Mortgage, LLC, dba Mr. Cooper, in accordance with the Court's Order entered on April 22, 2019, (CRT Doc #32)."

26. After the Order on Plaintiff's Motion to Determine Status of Mortgage entered, Defendant ignored the Order and continued to return Plaintiff's mortgage payments and continued to insist that Plaintiff was behind, even after receiving several letters from Plaintiff's counsel. Defendant set a foreclosure date and informed Plaintiff, through several letters, that all funds would be returned and the foreclosure would go forward, even through though the automatic stay was still in effect. Plaintiff filed an adversary proceeding on January 27, 2020, against Defendant. During the pending adversary proceeding, Plaintiff sent her ongoing mortgage payments to her counsel to hold until the outcome of the case.

27. The parties settled the adversary proceeding in June 2020 and entered into a settlement agreement. The parties agreed that the automatic stay is still in effect. Plaintiff has

Page 6 of 17

Case 21-03007 Doc 6 Filed 04/09/21 Entered 04/09/21 16:46:21 Desc Main
Document Page 6 of 17

abided by the terms of the agreement and has maintained the payments due to Defendant. However, Defendant has breached the agreement and continues to violate the automatic stay by failing to properly credit Plaintiff's account, by sending communications to Plaintiff, and by continuously harassing Plaintiff.

28. On July 20, 2020, Defendant sent Plaintiff's account statements indicating the account is past due in the amount of $2,328.42.

29. On August 13, 2020, without obtaining relief from the automatic stay, Defendant sent a letter directly to Plaintiff, via certified mail, stating "your loan is currently past due for the 03/01/20 payment and is due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan." The letter stated the account was past due in the amount of $4,424.56 and failure to pay that amount "may result in acceleration of the sums secured by the security instrument, foreclosure proceedings, and sale of the property." It further stated "this default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Mr. Cooper" and requested that Plaintiff call "Mr. Cooper's Foreclosure Prevention Department." Defendant sent the same letter, via certified mail, to Plaintiff's counsel.

30. On August 13, 2020, the same day Defendant sent the certified letter to Plaintiff, Defendant sent an additional letter stating "If you are having trouble making your mortgage payments, Mr. Cooper welcomes the opportunity to discuss possible alternatives that may be available to you." Plaintiff was current on the account on that date.

31. On August 14, 2020, Defendant sent a letter stating a new dedicated loan specialist is available to "help with any issues you may have with making your payment."

32. On August 17, 2020, Defendant sent a letter identical to the August 14th letter, with the exception of the name of the "loan specialist". The letter indicated a new dedicated loan specialist was assigned to the account.

33. On August 18, 2020, Defendant sent a letter and statement indicating the account was behind in the amount of $4,052.08. The statement stated "legal fees" were incurred in July 2020 in the amount of $1,021.70. There was no indication of what the legal fees were for and no notice of post petition mortgage fees was filed with the Court. The letter stated "as of 08/18/20, you are 171 days delinquent on your mortgage loan. Your mortgage payment is currently past due for 03/01/20 and your last contractual payment was received on 08/10/20." The letter admitted Plaintiff was current on the account by stating the payment was received on August 10, 2020, and by stating "current contractual payment due for 09/01/2020: $633.28." The letter further stated "failure to bring your loan current may result in fees, possibly even foreclosure, and the loss of your home." The letter also stated payments were due and unpaid for the months of March 2020, April 2020, May 2020, June 2020, July 2020 and August 2020.

34. On August 24, 2020, Counsel for Plaintiff sent Defendant a letter explaining that Plaintiff is current on the payments and reminding Defendant about the settlement agreement in June 2020. Counsel for Plaintiff asked Defendant to correct the account and cease contacting Plaintiff.

35. On August 28, 2020, Defendant sent another certified letter directly to Plaintiff, again without obtaining relief from the automatic stay, which stated "your loan is currently past due for the 04/01/20 payment and is due for all payments from and including that date. The

Page 8 of 17

Case 21-03007    Doc 6    Filed 04/09/21    Entered 04/09/21 16:46:21    Desc Main
Document    Page 8 of 17

failure to make these payments is a default under the terms and conditions of the mortgage loan...In order to cure this default, you must pay the total amount due of $4,261.69." The letter further stated "Failure to pay $4,261.69 by 10/02/20 may result in acceleration of the sums secured by the security instrument, foreclosure proceedings, and sale of the property," and "this default, and any legal action that may occur as a result, may be reported to one or more local and national reporting agencies by Mr. Cooper." The letter also stated "You may have options available to you to help you avoid foreclosure. Please call Mr. Cooper's foreclosure prevention department at 888-480-2432." The letter was also sent via first class mail and Plaintiff received both copies.

36. On September 1, 2020, Defendant sent an account statement stating Plaintiff's account was past due in the amount of $4,052.08, which was an incorrect amount. The statement indicated additional "legal fees" were charged on August 10, 2020, in the amount of $200.00. There was no explanation for the legal fees and no notice of post petition fees was filed with the Court.

37. On September 8, 2020, Defendant sent a letter stating a new dedicated loan specialist was assigned to the account to help with "any issues you may have making your mortgage payment." The "dedicated loan specialist" was the third one assigned to the account in a three week period. The letter also stated "to keep your account up to date, it would be very helpful if we could talk and explore your options."

38. On September 18, 2020, Defendant sent a statement indicating Plaintiff was past due in the amount of $4,522.49 and stated that was the total amount of payment required.

39. On October 20, 2020, Defendant sent a statement indicating Plaintiff was past due in the amount of $4,991.86, and charged a late fee of $20.09. The statement reflected the total amount of payment immediately due was $4,991.86.

40. On October 29, 2020, Defendant sent a letter stating "We recently received a payment on your behalf in the amount of $637.00. We are unable to accept the payment, as it is insufficient to bring the account current." Plaintiff was current with her payments and Defendant sent the payment back to Plaintiff. The letter also stated "as of the date of this letter, the total amount required to being this account current is $2,754.34."

41. On November 18, 2020, Defendant sent a statement indicating Plaintiff was past due in the amount of $5,460.57 and charged a late fee of $20.09, and indicated the amount of $5,460.57 was due on December 1, 2020.

42. On December 2, 2020, Defendant sent a letter stating "We recently received a payment on your behalf in the amount of $637.00. We are unable to accept the payment, as it is insufficient to bring the account current. As of the date of this letter, the total amount required to bring this account current is $3,799.68."

43. On December 11, 2020, Defendant sent a certified letter directly to Plaintiff stating "Your loan is currently past due for the 05/01/2020 payment and is due for all payments from and including that date. The failure to make these payments is a default under the terms and conditions of the mortgage loan. As of the date of this letter, total monthly payments (including principal, interest, and escrow, if applicable), late fees, NSF fees, and other fees and advances due under the terms of the loan documents are past due in the amount of **$6,337.13**. In order to cure this default, you must pay the total amount due of **$6,337.13** in addition to other

amounts that become due from the date of this letter through the date you pay." "Failure to pay $**6,337.13** by **01/15/2021**...may result in acceleration of the sums secured by the Security Instrument, foreclosure proceedings and sale of the property." This default, and any legal action that may occur as a result, may be reported to one or more local and national credit reporting agencies by Mr. Cooper." "You may have options available to you to help you avoid foreclosure."

44. On December 18, 2020, Defendant sent a statement to Plaintiff reflecting an amount due of $5,928.65 and stating "If payment is received on or after 01/17/2021, a $20.09 late fee will be charged."

45. On January 8, 2021, Defendant sent Plaintiff a letter stating "We recently received a payment on your behalf of $637.00. We are unable to accept the payment, as it is insufficient to bring the account current. As of the date of this letter, the total amount required to bring this account current is $4,423.41."

46. On January 19, 2021, Defendant sent another letter to Plaintiff stating "Our records tell us that one or more payments(s) on your Mr. Cooper home loan is overdue."

47. On January 20, 2021, Defendant sent a statement to Plaintiff reflecting an amount due of $6,572.47 and stating "If payment is received on or after 02/17/2021, a $20.09 late fee will be charged."

48. On February 4, 2021, Defendant sent a letter to Plaintiff stating "If you are having trouble making your voluntary payments, Mr. Cooper welcomes the opportunity to discuss possible alternatives that may be available to you."

49. On February 18, 2021, Defendant sent a statement to Plaintiff reflecting an amount due of $6,917.25.

50. On February 26, 2021, Defendant sent Plaintiff a letter stating "We recently received a payment on your behalf of $637.00. We are unable to accept the payment, as it is insufficient to bring the account current. As of the date of this letter, the total amount required to bring this account current is $4,871.03."

51. On March 18, 2021, Defendant sent a statement to Plaintiff reflecting an amount due of $7,389.50.

52. On March 31, 2021, Defendant sent Plaintiff a letter stating "We recently received a payment on your behalf of $1,274.00. We are unable to accept the payment, as it is insufficient to bring the account current. As of the date of this letter, the total amount required to bring this account current is $5,066.24."

53. Plaintiff called Defendant numerous times to discuss the matter and explained that issues were resolved in June 2020 and her account is current, but Defendant continues to harass Plaintiff.

54. Defendant violated 11 U.S.C. §362(a) by engaging in post-petition effort to collect a balance in the absence of an order modifying, terminating or granting relief from the automatic stay and/or in violation of an order that the automatic stay was still in effect at the time of their actions, for making threats of foreclosure and making direct contact with Plaintiff while the automatic stay was still in effect.

55. Defendant violated 11 U.S.C. §362(a)(3) which prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate..."

56. Defendant violated 11 U.S.C. §362(a)(4) which prohibits "any act to create, perfect, or enforce any lien against property of the estate..."

57. Defendant violated 11 U.S.C. §362(a)(5) which prohibits "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title..."

58. Defendant violated 11 U.S.C. §362(a)(6) which prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title..."

59. Defendant engaged in the aforesaid collection activities with knowledge of the underlying bankruptcy proceeding and in the absence of an order modifying, terminating or granting relief from the automatic stay of 11 U.S.C. §362(a).

60. 11 U.S.C. § 362(k) allows an "individual injured by any willful violation of a stay" to recover "actual damages, including costs and attorney fees, and, in appropriate circumstances, may recover punitive damages."

61. A willful violation of the automatic stay is met if (a) the defendant has knowledge of the stay, and (b) defendant intends the actions which constitute the violation. Specific intent to violate the stay is not required. In re Trailer, 2013 Bankr. LEXIS 1035 (M.D. Ala. March 18, 2013).

## WILLFUL VIOLATIONS OF 11 U.S.C. §§362(a)

62. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

63. Defendant violated one or more provisions of 11 U.S.C. §362(a) as stated herein above.

64. Specifically, with actual knowledge of the underlying bankruptcy proceeding and in the absence of an order modifying, terminating or granting relief from the automatic stay, and/or in violation of an order that the automatic stay was still in effect at the time of their actions, Defendants engaged in post-petition activities to collect monies from Plaintiff.

65. Because of Defendant's indisputable knowledge of the underlying bankruptcy proceeding, Defendant undertook such violative collection actions intentionally and willfully.

66. As a direct and proximate result of Defendant's violations of the various provisions of 11 U.S.C. §362(a), Plaintiff has suffered damages including, but not limited to, embarrassment, anger, anxiety, stress, loss of the protections afforded by the automatic stay, and has been caused to employ the services of the undersigned counsel to assist with prosecution of this matter.

67. Because of Defendant's actions described herein above, Plaintiff was forced to retain counsel to prosecute this claim. 11 U.S.C. 362(k) provides that any individual injured by a Defendant(s) willful violation shall recover attorney fees, costs, and in certain circumstances, punitive damages.

## COUNT II - CONTEMPT OF COURT

68. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

69. Defendant was fully aware of this Honorable Court's Order on Debtor's Motion to Determine Status of Mortgage entered on December 3, 2019. Plaintiff had already filed an Adversary Proceeding against Defendant for violating the automatic stay and for violating the Court's Order.

70. Defendant again intentionally violated an order by failing or refusing to comply with the Court Order dated December 3, 2019, to respond to any communications made by Plaintiff's Bankruptcy Counsel, and engaging in acts directed at continuing to violate the Court Order.

71. As a direct and proximate result of Defendant's violation(s), Plaintiff has suffered damages including, but not limited to, anger, anxiety, stress, humiliation, loss of the protections afforded by the automatic stay, and has been caused to employ the services of the undersigned counsel to assist with prosecution of this matter.

## COUNT III - BREACH OF CONTACT

72. Plaintiff incorporates by reference herein each of the foregoing paragraphs.

73. Defendant entered into a contract with Plaintiff in or around June 2020 when the parties entered into a settlement agreement in the prior adversary proceeding. Defendant has not abided by the terms of the agreement and is not performing under the terms of the contract. Plaintiff has performed as agreed.

74. As a direct and proximate result of Defendant's violation(s), Plaintiff has suffered damages including, but not limited to, anger, anxiety, stress, humiliation, loss of the protections afforded by the automatic stay, and has been caused to employ the services of the undersigned counsel to assist with prosecution of this matter. Additionally, Defendant has caused Plaintiff to

incur late fees and additional and unnecessary account fees. Plaintiff's account with Defendant is not correct. By incorrectly applying payments, Defendant has caused errors in the account and has charged on incorrect amount of interest.

**PRAYER FOR RELIEF**

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully request this Honorable Court to enter an Order:

a. Holding Defendant in contempt of this Court for violating the automatic stay provisions of 11 U.S.C. § 362(a), and Order(s) entered by this Honorable Court, by virtue of 11 U.S.C. § 105(a);

b. Ruling that the automatic stay is not lifted pursuant to the Agreed Order Conditionally Denying Motion for Relief from the Automatic Stay as to Defendant Nationstar Mortgage, LLC, dba Mr. Cooper;

c. Ruling that Plaintiff is current in her post petition mortgage payments owed to Defendant, Nationstar Mortgage, LLC, dba Mr. Cooper, through April 2021;

d. Enjoining Defendant from further attempts to collect upon said indebtedness in the absence of the requisite relief;

e. awarding to Plaintiff and against Defendant actual, compensatory, and punitive damages for Defendant's violations of the automatic stay provisions of 11 U.S.C. §362(a), by virtue of 11 U.S.C. §105 (a);

f. awarding to Plaintiff attorney fees, costs and expenses of this litigation, which were necessitated by the wrongful action of Defendant, and for the present action, pursuant to 11 U.S.C. §362(k); and

g. awarding such other and further relief as this Honorable Court deems appropriate.

      /s/ Paul D. Esco
PAUL D. ESCO ASB-3772-O61P
Attorney for Plaintiff/Debtor

OF COUNSEL:
PAUL D. ESCO
ATTORNEY AT LAW, LLC
2800 Zelda Road; Suite 200-7
Montgomery, Alabama 36106
334/832-9100
334/832-4527 [fax]
E-mail: paul.esco@aol.com